IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 9, 2025 Session

## ALICE CARTWRIGHT GARNER, ET AL. v. THOMASON, HENDRIX, HARVEY, JOHNSON & MITCHELL, PLLC, ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Shelby County**
**No. CT-3564-19     Robert E. Lee Davies, Senior Judge**

_____

### No. W2022-01636-SC-R11-CV

_____

Under the Tennessee Public Participation Act, a party may seek dismissal of a lawsuit that was filed "in response to that party's exercise of the right to free speech, right to petition, or right of association." Tenn. Code Ann. § 20-17-105(a) (2021). In this case, two lawyers sought to dismiss a tort action brought by the sister and brother-in-law of a former client. The lawyers had represented the former client in a series of unsuccessful lawsuits against the sister and brother-in-law related to their administration of a family trust. Dissatisfied with their representation, the former client sued the lawyers for legal malpractice and fraudulent concealment. Based on that alleged conduct, the sister and brother-in-law also sued the lawyers under the tort-of-another doctrine. The lawyers sought to dismiss the tort action on the theory that it was filed in response to the lawyers' exercise of the right to petition in the underlying trust litigation. We hold that the lawyers failed to show that the tort action was filed in response to their exercise of the right to petition. Assuming that filing a lawsuit is an "exercise of the right to petition" within the meaning of the statute, a lawyer who files a lawsuit on behalf of a client does not personally exercise that right. Instead, a lawyer at most facilitates his client's exercise of the right. Because the lawyers here cannot show that the action was filed in response to their exercise of the right to petition, the action should not be dismissed under the Tennessee Public Participation Act. We reverse the Court of Appeals' contrary holding and remand to the trial court for further proceedings.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed; Case Remanded to the Circuit Court for Shelby County**

SARAH K. CAMPBELL, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, C.J., HOLLY KIRBY, J., and J. ROSS DYER and JEFFREY USMAN, SP. JJ., joined. DWIGHT E. TARWATER and MARY L. WAGNER, JJ., not participating.

Andrew Gardella, Nashville, Tennessee, and David Wade, Memphis, Tennessee, for the appellants, Alice Garner Cartwright, Alan L. Garner, Jackson Capital Partners, Limited Partnership, and Jackson Capital Management, LLC.

Lucian T. Pera, J. Bennett Fox, Jr., and John D. Woods III, Memphis, Tennessee, for the appellees, Justin Edward Mitchell, Mitchell Law Firm, LLC, Jerry Edward Mitchell, Thomason Hendrix, P.C., Thomason, Hendrix, Harvey, Johnson & Mitchell, PLLC, and Lewis, Thomason, King, Krieg & Waldrop, PC (Memphis).

**OPINION**

I.

Alan Cartwright is the beneficiary of a family trust established by his late father. Cartwright's sister, Alice Garner, and her husband, Alan Garner, manage the trust and various related entities. Between 2004 and 2018, a lawyer named Jerry Mitchell represented Cartwright in a series of six lawsuits against the Garners regarding their administration of the trust. He also assisted Cartwright in a seventh lawsuit that was filed pro se. Jerry's son, Justin Mitchell, represented Cartwright in some of the lawsuits when he started practicing with his father in 2009.

The six lawsuits in which the Mitchells represented Cartwright were eventually resolved in the Garners' favor. *See Cartwright v. Garner*, 751 F.3d 752 (6th Cir. 2014); *Cartwright v. Garner*, No. W2016-01424-COA-R3-CV, 2018 WL 4492742 (Tenn. Ct. App. Sept. 19, 2018); *Cartwright v. Garner*, No. W2016-01423-COA-R3-CV, 2018 WL 3814632 (Tenn. Ct. App. Aug. 10, 2018); *Cartwright v. Jackson Cap. Partners*, 478 S.W.3d 596 (Tenn. Ct. App. 2015); Order, *Cartwright v. Garner*, No. CT-004569-12 (Shelby Cnty. Cir. Ct. Dec. 17, 2018). Cartwright and the Garners settled the seventh lawsuit. *See* Order, *Cartwright v. Garner*, No. PR-008976 (Shelby Cnty. Prob. Ct. Feb. 10, 2021).

Dissatisfied with the Mitchells' representation of Cartwright in those cases, both Cartwright and the Garners sued the Mitchells. Cartwright asserted claims for legal malpractice and fraudulent concealment and sought damages.[1] The Garners claimed that the Mitchells' tortious conduct against Cartwright entitled the Garners, under the tort-of-

---

[1] The Garners also sued the Mitchells' law firms and their predecessors in interest. Those defendants include the Mitchell Law Firm, LLC; Lewis, Thomason, King, Krieg & Waldrop, P.C.; Thomason Hendrix, P.C.; and Thomason, Hendrix, Harvey, Johnson & Mitchell, PLLC. When Jerry Mitchell died in 2021, the personal representative of his estate was substituted as a defendant. All of these defendants are also parties to this appeal. Although we refer to the Mitchells in this opinion given their more direct role in the underlying facts, our analysis applies equally to the other defendants.

another doctrine, to recover attorney's fees, costs, and expenses incurred in the trust litigation. This appeal involves the Garners' lawsuit.[2]

The Mitchells filed a petition to dismiss the Garners' complaint under the Tennessee Public Participation Act ("TPPA"). They argued that the Garners' claims were filed in response to the Mitchells' exercise of the right to petition because the claims were "entirely based upon lawsuits filed and claims asserted by [the Mitchells] on behalf of [Cartwright]."

The trial court denied the Mitchells' petition. The court reasoned that the TPPA's applicability turned on whether the Garners' "cause of action itself was based upon an act in furtherance of [the Mitchells'] right of petition." In the court's view, an attorney acting in a manner inconsistent with his client's interests falls within "an exception to the general rule which would afford [the attorney] the protection of the TPPA in a suit against them by a non-client." Because the Garners alleged that the Mitchells committed "malpractice . . . [and] breached their fiduciary duty to [Cartwright] for their own personal gain" in a way that was inconsistent with Cartwright's interests, the court concluded that the Mitchells were not entitled to the TPPA's protection.

The Mitchells appealed, and the Court of Appeals reversed. *Garner v. Thomason, Hendrix, Harvey, Johnson & Mitchell, PLLC*, No. W2022-01636-COA-R3-CV, 2024 WL 1618897 (Tenn. Ct. App. Apr. 15, 2024), *perm. app. granted*, (Tenn. Aug. 28, 2024). The court "accept[ed] as true for purposes of th[e] appeal the trial court's conclusion that, in general, an attorney representing a client in court is exercising the constitutional right to petition." *Id.* at *8. The court concluded that the Mitchells had met their initial burden under the TPPA because "there can be no reasonable conclusion . . . other than that [the Garners' case] was filed in response to, or at least, relates to, the filing of the Trust Lawsuits." *Id.* at *7, *13.

We granted the Garners' application for permission to appeal. *Garner v. Thomason, Hendrix, Harvey, Johnson & Mitchell, PLLC*, No. W2022-01636-SC-R11-CV, 2024 WL 4021932 (Tenn. Aug. 28, 2024).

II.

This appeal raises questions of constitutional law and statutory interpretation that are reviewed de novo, with no presumption of correctness. *Gilliam v. Gerregano*, --- S.W.3d ---, No. M2022-00083-SC-R11-CV, 2025 WL 617603, at *4 (Tenn. 2025); *Williams v. Smyrna Residential, LLC*, 685 S.W.3d 718, 723 (Tenn. 2024). The issue before

---

[2] Cartwright's claim against the Mitchells is also pending before this Court. The cases were docketed together and argued on the same day. *See Garner v. Thomason, Hendrix, Harvey, Johnson & Mitchell, PLLC*, No. W2022-01636-SC-R11-CV, 2024 WL 4021932 (Tenn. Aug. 28, 2024); *Cartwright v. Thomason Hendrix, P.C.*, No. W2022-01627-SC-R11-CV, 2024 WL 4022193 (Tenn. Aug. 28, 2024).

us is whether the Mitchells established a prima facie case that the Garners' lawsuit was "based on, relate[d] to, or . . . in response to" the Mitchells' "exercise of the . . . right to petition." Tenn. Code Ann. § 20-17-105(a) (2021).

In the opinion issued today in the companion case of *Cartwright v. Thomason Hendrix, P.C.*, we held that an attorney who files a lawsuit on behalf of a client does not personally exercise the right to petition as defined by the TPPA. No. W2022-01627-SC-R11-CV. Rather, at most the attorney only facilitates his client's exercise of that right. *Id.* That holding forecloses the Mitchells' petition for dismissal under the TPPA in this case.

The Garners' lawsuit stems from the Mitchells' litigation on behalf of Cartwright. As explained in our opinion in *Cartwright*, assuming that filing a lawsuit constitutes an "exercise of the right to petition" within the meaning of the TPPA, the Mitchells did not personally exercise the right to petition when they filed the trust lawsuits on behalf of Cartwright. *Id.* The Mitchells therefore cannot show that the Garners' lawsuit against them was based on, related to, or filed in response to the Mitchells' exercise of the right to petition.

The only noteworthy difference between this case and *Cartwright* is that—unlike Cartwright—the Garners were never clients of the Mitchells. But that difference does not change our analysis. The Garners' lawsuit—like Cartwright's lawsuit—is premised on the Mitchells' conduct as attorneys in the underlying trust litigation. And that conduct did not constitute the Mitchells' exercise of the right to petition as defined by the TPPA. Because the Mitchells failed to satisfy their initial burden under the TPPA, their petition for dismissal must be denied.

## CONCLUSION

We conclude that the Mitchells failed to make a prima facie case that the Garners' lawsuit was brought in response to the Mitchells' "exercise of the right to petition" as defined by the TPPA. The trial court therefore did not err by denying the Mitchells' petition for dismissal. We reverse the Court of Appeals' contrary holding and remand to the trial court for further proceedings.

_____
SARAH K. CAMPBELL, JUSTICE